Matter of the Petition of AMERICAN
DREDGING COMPANY, as Owner of
THE ARTHUR N. HERRON, for Exon-
eration from or Limitation of Liability.

William J. Kernan, Administrator of the
Estate of Arthur E. Milan, and John
J. Meehan, Administrator of the Estate
of Donald H. Worrell, Appellants.

No. 11869.

United States Court of Appeals
Third Circuit.

Argued June 4, 1956.
Decided July 5, 1956.
Rehearing Denied Aug. 13, 1956.

Biggs, Chief Judge, dissented.

Abraham E. Freedman, Philadelphia,
Pa. (Freedman, Landy & Lorry, Meehan,
O'Brien & Richette, William A. Pascoe,
Camden, N. J., on the brief), for appel-
lants.

Mark D. Alspach, Philadelphia, Pa.
(T. E. Byrne, Jr., Krusen, Evans &
Shaw, Philadelphia, Pa., on the brief),
for appellee.

Before BIGGS, Chief Judge, and
MARIS and KALODNER, Circuit
Judges.

PER CURIAM.

This is an appeal by two claimants
from a final decree of the District
Court for the Eastern District of Penn-
sylvania exonerating the American
Dredging Company, as owner of the tug
Arthur N. Herron, from all liability for
loss, damage, destruction, death or in-
jury arising from or growing out of a
fire which occurred on November 18,
1952 on the Schuylkill River in the city
of Philadelphia. On the evening of that
day the tug was going down the river
with a tow consisting of a loaded mud
scow made up on her port side. As she
passed the refinery of the Gulf Oil Com-
pany, the men on board her heard a
rumbling sound and, without other
warning, the surface of the river around
the tug suddenly burst into flames, en-
veloping the tug and barge in a sea of
fire, with flames rising to a height far
above the deck of the tug and complete-
ly shutting off the view of those on
board in every direction. The district
court found that the cause of the fire
was the ignition of highly inflammable
vapor lying above an extensive accumu-
lation of some petroleum product spread
over the surface of the river which was
touched off by an open flame kerosene
lantern carried on the deck of the scow
at its rear port corner. Two members

of the crew of the tug lost their lives in the disaster. The administrators of these men and a surviving crew member who suffered burns made claims for damages against the American Dredging Company as owner of the tug. That company thereupon filed the petition for exoneration from liability which is the basis for the present proceeding.

■ The district court properly held that in order to entitle it to exoneration the burden of proof was upon the petitioner to show that the disaster was not due to its fault or the fault of the master or crew or the unseaworthiness of the vessel. The claimants asserted that the petitioner was negligent in maintaining the open flame lantern on the deck of the scow at less than a safe height above the water in a potentially dangerous area and in failing to provide a safer lamp and that the vessel was thereby rendered unseaworthy. They also contended that the failure of the captain of the tug to obey the Coast Guard regulation which required the scow to carry its lights at each end not less than 8 feet above the surface of the water was negligence per se and rendered the vessel unseaworthy. Finally they urged that the tug was unseaworthy because the petitioner had not provided her with a master who was equal in disposition and seamanship to ordinary men of the calling, his conduct having in fact contributed to the loss of life.

■ In a carefully reasoned opinion Chief Judge Kirkpatrick, who presided at the hearing in the district court, discussed all of these contentions in the light of the evidence, made findings of fact and concluded that the petitioner had sustained its burden of establishing that both it and the master and crew of the tug were free from negligence and that the tug and tow were not unseaworthy. He accordingly granted the petition for exoneration. 141 F.Supp. 582. Our consideration of the evidence satisfies us that his fact findings were not clearly erroneous. We think that his conclusions of law were correct, for the reasons sufficiently stated in his opinion.

The decree of the district court will accordingly be affirmed.

BIGGS, Chief Judge (dissenting).

The petitioner, American Dredging Company, which seeks exoneration from liability, by its tow boat Herron towed a scow with two open-flame kerosene lamps on its deck about two and a half feet above the water into an area near which seven tankers were moored in the Schuylkill River, engaged in loading or discharging liquid petroleum. A conflagration instantly ensued, and two members of the Herron's crew lost their lives and a third was injured severely. The majority of this court hold that the barge so equipped was seaworthy.

Petroleum products frequently are inflammable and on occasion have been ignited by open flame. For this reason it would seem that the equipment of the barge was inadequate. In fact I do not see how a plainer demonstration of unseaworthy appliances could be made. For this reason I dissent.

On Petition for Rehearing

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

A petition for rehearing has been filed by the appellants in this case. Since the judges who concurred in the judgment entered on July 5, 1956 do not desire rehearing and a majority of the circuit judges of the circuit do not think it appropriate to order rehearing before the court in banc, the petition for rehearing will be denied.

BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges, think that rehearing before the court in banc should be ordered.