235 F.2d 618
 Matter of the Petition of AMERICAN DREDGING COMPANY, as
Owner of THE ARTHUR N.
HERRON, for Exoneration from or Limitation of Liability.
William J. Kernan, Administrator of the Estate of Arthur E.
Milan, and John J. Meehan, Administrator of the Estate of
Donald H. Worrell, Appellants.
 No. 11869.
 United States Court of Appeals Third Circuit.
 Argued June 4, 1956.
Decided July 5, 1956.
Rehearing Denied Aug. 13, 1956.
 
 Abraham E. Freedman, Philadelphia, Pa. (Freedman, Landy & Lorry, Meehan, O'Brien & Richette, William A. Pascoe, Camden, N.J., on the brief), for appellants.
 Mark D. Alspach, Philadelphia, Pa. (T. E. Byrne, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellee.
 Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by two claimants from a final decree of the District Court for the Eastern District of Pennsylvania exonerating the American Dredging Company, as owner of the tug Arthur N. Herron, from all liability for loss, damage, destruction, death or injury arising from or growing out of a fire which occurred on November 18, 1952 on the Schuylkill River in the city of Philadelphia. On the evening of that day the tug was going down the river with a tow consisting of a loaded mud scow made up on her port side. As she passed the refinery of the Gulf Oil Company, the men on board her heard a rumbling sound and, without other warning, the surface of the river around the tug suddenly burst into flames, enveloping the tug and barge in a sea of fire, with flames rising to a height far above the deck of the tug and completely shutting off the view of those on board in every direction. The district court found that the cause of the fire was the ignition of highly inflammable vapor lying above an extensive accumulation of some petroleum product spread over the surface of the river which was touched off by an open flame kerosene lantern carried on the deck of the scow at its rear port corner. Two members of the crew of the tug lost their lives in the disaster. The administrators of these men and a surviving crew member who suffered burns made claims for damages against the American Dredging Company as owner of the tug. That company thereupon filed the petition for exoneration from liability which is the basis for the present proceeding.
 
 
 2
 The district court properly held that in order to entitle it to exoneration the burden of proof was upon the petitioner to show that the disaster was not due to its fault or the fault of the master or crew or the unseaworthiness of the vessel. The claimants asserted that the petitioner was negligent in maintaining the open flame lantern on the deck of the scow at less than a safe height above the water in a potentially dangerous area and in failing to provide a safer lamp and that the vessel was thereby rendered unseaworthy. They also contended that the failure of the captain of the tug to obey the Coast Guard regulation which required the scow to carry its lights at each end not less than 8 feet above the surface of the water was negligence per se and rendered the vessel unseaworthy. Finally they urged that the tug was unseaworthy because the petitioner had not provided her with a master who was equal in disposition and seamanship to ordinary men of the calling, his conduct having in fact contributed to the loss of life.
 
 
 3
 In a carefully reasoned opinion Chief Judge Kirkpatrick, who presided at the hearing in the district court, discussed all of there contentions in the light of the evidence, made findings of fact and concluded that the petitioner had sustained its burden of establishing that both it and the master and crew of the tug were free from negligence and that the tug and tow were not unseaworthy. He accordingly granted the petition for exoneration. 141 F.Supp. 582. Our consideration of the evidence satisfies us that his fact findings were not clearly erroneous. We think that his conclusions of law were correct, for the reasons sufficiently stated in his opinion.
 
 
 4
 The decree of the district court will accordingly be affirmed.
 
 On Petition for Rehearing
 
 5
 Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.
 
 
 6
 PER CURIAM.
 
 
 7
 A petition for rehearing has been filed by the appellants in this case. Since the judges who concurred in the judgment entered on July 5, 1956 do not desire rehearing and a majority of the circuit judges of the circuit do not think it appropriate to order rehearing before the court in banc, the petition for rehearing will be denied.
 
 
 8
 BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges, think that rehearing before the court in banc should be ordered.
 
 
 9
 BIGGS, Chief Judge (dissenting).
 
 
 10
 The petitioner, American Dredging Company, which seeks exoneration from liability, by its tow boat Herron towed a scow with two open-flame kerosene lamps on its deck about two and a half feet above the water into an area near which seven tankers were moored in the Schuylkill River, engaged in loading or discharging liquid petroleum. A conflagration instantly ensued, and two members of the Herron's crew lost their lives and a third was injured severely. The majority of this court hold that the barge so equipped was seaworthy.
 
 
 11
 Petroleum products frequently are inflammable and on occasion have been ignited by open flame. For this reason it would seem that the equipment of the barge was inadequate. In fact I do not see how a plainer demonstration of unseaworthy appliances could be made. For this reason I dissent.